UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PHILLIP A. PECORINO, ALDO MADAGLIA,
SHEWARD & SONS & SONS,

                          Plaintiffs,        **MEMORANDUM OF
                                            DECISION AND ORDER**
        -against-                  11-CV-06312 (ADS)(ARL)

VUTEC CORPORATION and FARRALANE
LIGHTING AUDIO AND VIDEO SYSTEMS,
INC.,

                          Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Leason Ellis LLP**
*Attorneys for the Plaintiffs*
One Barker Avenue
Fifth Floor
White Plains, NY 10601
       By: Cameron Sean Reuber, Esq.,
           Jordan Grant Garner, Esq.,
           Melvin C. Garner, Esq.
           Andie Michelle Schwartz, Esq., Of Counsel

**Harrington, Ocko & Monk, LLP**
*Attorneys for the Defendant Vutec Corporation*
81 Main Street
Suite 215
White Plains, NY 10601
       By: Kevin J. Harrington, Esq.,
           John Terrence A. Rosenthal, Esq., Of Counsel

**SPATT, District Judge**.

       On December 27, 2011, the Plaintiffs filed the present patent action against the

Defendants Vutec Corporation ("Vutec") and Farralane Lighting Audio and Video Systems, Inc.

("Farralane"). On January 23, 2012, Michael Farrell, President of Farralane Lighting & Audio

Inc., filed an answer to the Complaint, *pro se*. After that, Vutec filed a motion to transfer venue

and a motion to dismiss for failure to state a claim. Vutec's argument as to transfer hinges upon the assertion that Farralane is not a proper defendant in the action. Upon a review of these papers, it became apparent to this Court that Farralane is not being represented by an attorney.

However, as a corporation, Farralane cannot appear *pro se*, and therefore its answer prepared and submitted by its President, Michael Farrell, is invalid. See Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007) (noting that 28 U.S.C. § 1654 does not permit "unlicensed laymen to represent anyone else other than themselves."); Dow Chem. Pac. Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 336 (2d Cir. 1986). The reasoning underlying this rule is as follows:

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities . . . .

Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983). This rationale "applies equally to all artificial entities." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun., 506 U.S. 194, 202, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993). Thus, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. (footnote omitted).

Accordingly, the Court will strike the answer for the Defendant submitted by Michael Farralane and will provide the Farralane corporation with an opportunity in which to secure counsel. When Farralane obtains counsel, the counsel must file a notice of appearance and an amended answer within 30 days of the entry of this order.

**SO ORDERED.**

Dated:  Central Islip, New York
        June 19, 2012

                                                    ____/s/ Arthur D. Spatt_____
                                                         ARTHUR D. SPATT
                                                       United States District Judge