UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PHILIP A. PECORINO, et al.,

                              Plaintiffs,                                    **ORDER**
                                                                                                                           CV 11-6312 (PKC)(ARL)

       -against-

VUTEC CORPORATION, et al.,

                              Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       The undersigned is in receipt of a letter dated April 7, 2014, from the defendants, Vutec Corporation and Farralane Lighting Audio and Video Systems, Inc. (collectively "Vutec") announcing that they cannot meet the deadline set by both this court and the District Court to complete rebuttal expert discovery. Attached as part of their submission is the declaration of Vutec's corporate counsel, which reveals that despite multiple orders directing Vutec to complete this discovery, it simply ignored that direction and took no steps to retain an expert until April 1, 2014. Vutec now declares it is impossible to secure a rebuttal expert in the remaining time allowed and purportedly seeks an extension of the schedule for an indefinite period arguing, in part, that their long time CPA is too busy to focus on this matter. As if this were not enough, corporate counsel once again argues that this discovery should be deferred following summary judgment motions. A brief description of Vutec's persistent attempts to evade the orders of this court is in order.

       On September 19, 2012, this court entered a discovery schedule requiring the completion of all discovery inclusive of expert discovery by September 2, 2013. On May 22, 2013, Vutec filed a motion to stay discovery pending resolution of their motion for summary judgment. Vutec's request to stay discovery was denied by the District Court, however, the court granted the parties' joint request to extend the discovery schedule. On June 24, 2013, a new schedule was entered, as proposed by the parties, providing for the completion of all discovery by January 17, 2014. On September 25, 2013, Vutec sought a pre-motion conference in order to file a second motion for summary judgment. The next day, the District Court denied Vutec's request for a pre-motion conference and directed that all discovery be completed prior to submission of this motion. Vutec immediately sought reconsideration of the decision, which was denied.

       On January 16, 2014, at the request of the parties, the scheduling order was again modified, and February 18, 2014, was established as the new date to complete all discovery. On January 30, 2014, the plaintiffs sought a two week extension of the discovery deadline. Incredibly, Vutec objected to the application despite their own earlier attempts to delay discovery. In fact, in their letter objecting to the application, Vutec sought to bifurcate the proceedings. The undersigned, perceiving this application as yet another attempt to indefinitely

delay discovery, directed Vutec to seek this relief from the District Court. On February 28, 2014, Vutec filed another application to defer discovery pending determination of their proposed summary judgment motion. By order dated March 10, 2014, the undersigned denied this request, but again permitted Vutec additional time to file its final rebuttal expert report. As a result, all discovery was deemed completed, with the exception that Vutec's expert report had to be served by March 28, 2014, with an expert deposition to be completed by April 11, 2014.

Despite repeated denials of their request to delay discovery, on March 24, 2014, four days before the expiration of the final discovery deadline, Vutec filed an application to defer expert discovery. That application was filed with both the undersigned and the District Court. The District Court denied Vutec's request to delay retention of a rebuttal expert or to bifurcate the proceeding, and ordered the timely completion of discovery. On that very same day, after the decision of the district court was entered on ECF, the defendant filed the instant motion seeking the same relief. Accordingly, the defendants' request is denied.

Dated: Central Islip, New York  
April 9, 2014

SO ORDERED:

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge