UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PHILIP A. PECORINO, ALDO MEDAGLIA,
and SHEWARD & SONS, d/b/a VISIONART,

                Plaintiffs,

                        v.

VUTEC CORPORATION and FARRALANE
LIGHTING AUDIO AND VIDEO SYSTEMS, INC.,

                Defendants.

**MEMORANDUM & ORDER**
11–CV–6312 (PKC)

-------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Defendants Vutec Corporation ("Vutec") and Farralane Lighting Audio and Video Systems Inc. ("Farralane") move for an order granting a stay of all damages proceedings pending Defendants' interlocutory appeal to the U.S. Court of Appeals for the Federal Circuit, pursuant to 28 U.S.C. § 1292(c)(2). Plaintiffs Philip A. Pecorino, Aldo Medaglia, and Sheward & Son, d/b/a Visionart argue that Defendants should be required to post a *supersedeas* bond approximating the value of Plaintiffs' damage award prior to, and as a condition of, the entry of a stay, pursuant to Fed. R. Civ. Pro. 62(d). The Court agrees that the requested stay should only be granted upon the posting of a sufficient bond.

      Federal Rule 62(d) provides that "When an appeal is taken the appellant by giving a *supersedeas* bond may obtain a stay. . ." Defendants have not shown that it should be excused from the customary practice of posting a *supersedeas* bond in the amount of the judgment, pending appeal, and the Court declines to exercise its discretion to excuse Defendants from that requirement.

Defendants seem to argue that it would be inappropriate to require a bond because Defendants have not yet challenged the damage amount calculated by Plaintiffs' expert. However, Defendants had the opportunity to rebut Plaintiffs' expert evidence regarding damages, but made the decision to postpone doing so in order to "forego the *time and expense* associated with selecting a rebuttal expert and informing the expert so selected on the nature of the case." (Dkt. 130 at p. 2.) (emphasis added). This tactical decision by Defendants cannot be used to thwart Plaintiffs from obtaining a reasonable bond while Defendants seek interlocutory appeal.

Defendants also argue that the bond amount requested by Plaintiffs is too high because Plaintiffs' damages expert used a "ramp up" theory to calculate lost profits by including alleged lost profits prior to the statute of limitations. (Dkt. 230 at p. 4.) This is simply incorrect. Plaintiffs' expert calculated lost profits caused by Defendants' infringement from the period between January 1, 2006 and March 22, 2012, which fits squarely within the statute of limitations period.[1] (Dkt. 186–3 at p. 4.) Therefore, Defendants' claim that the expert damages are "legally flawed" is without merit.[2]

Accordingly, the Court will issue a stay only upon Defendants' posting of a sufficient bond. However, although the Court rejects Defendants' Section 286 argument, the Court is

---

[1] Pursuant to 35 U.S.C. § 286, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Here, that date is December 27, 2005.

[2] Indeed, Defendants' assertion that Judge Lindsay found the opinion of Plaintiffs' expert to be "legally flawed" misstates the record. In the April 27, 2014 status conference, Judge Lindsay simply found that discovery should not be re–opened to allow Plaintiffs to obtain documents relating to alleged lost profits that preceded the statute of limitations date, *i.e.*, December 27, 2005. (Dkt. 230–1.) Judge Lindsay's ruling does not render Plaintiffs' expert's damage calculation flawed, since the calculation is limited to the period within the statute of limitations, *i.e.*, between January 1, 2006 and March 22, 2012.

nonetheless unable to determine the appropriate amount for the bond based on Plaintiffs' current submission, which fails to explain the $2.4 million amount requested. By May 7, 2015, Plaintiffs will submit a detailed calculation of the bond amount being requested, with supporting documentation.

SO ORDERED:

   /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: April 23, 2015
      Brooklyn, New York